UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 410 BOURBON STREET, LLC | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SEC |
| | * | |
| THE CITY OF NEW ORLEANS | * | MAG |
| ACTING THROUGH THE DEPARTMENT | * | |
| OF SAFETY AND PERMITS, HISTORIC | * | |
| DISTRICT LANDMARKS COMMISSION | * | |
| AND VIEUX CARRE COMMISSION | * | |
| FOR HISTORIC, ZONING AND BUILDING | * | |
| VIOLATIONS | | |

**************************************************

**COMPLAINT FOR CONSTITUTIONAL VIOLATIONS AND DAMAGES**

**TO:   THE HONORABLE JUDGE OF THE EASTERN DISTRICT
         OF THE STATE OF LOUISIANA:**

The complaint of 410 Bourbon Street, LLC, a Louisiana Limited Liability Company ( hereinafter "410 Bourbon") authorized to do and doing business in the Eastern District of Louisiana respectfully avers as follows:

1.

That made defendant herein is The City of New Orleans acting through the Department of Safety and Permits, Historic District Landmarks Commission and Vieux Carre Commission for Historic, Zoning and Building Violations (hereinafter "VCC").

2.

That on November 30, 2020, the VCC opened case number 20-23066

DBNVCC citing the plaintiff 410 Bourbon with 25 violations of the Municipal code of the City of New Orleans, namely, 166–121,166-35 166-82 . (See Exhibit A)

3.

That despite the Covid pandemic, 410 Bourbon's inability to operate its business, obtain a permit and find workers, on March 17, 2021, the hearing officer "rendered" 410 Bourbon liable for all of the violations charged on November 30, 2020 including working without a permit in the amount of $12,575.00 and ordered the plaintiff to abate all of the violations within 30 days of the mailing of the order or by April 19, 2021. (Exhibit B)

4.

That plaintiff could not abate the violations without first obtaining a permit.

5.

That the VCC performed an inspection on April 19, 2021 and opened case number 21-03244 DBNVCC citing the plaintiff with the identical violations, including working without a permit. (See exhibit C).

6.

That a Notice of Hearing of the violations 21-03244 was set for September 5, 2021 at 1 PM.

7.

That on its own motion, the VCC continued the September 5, 2021 hearing until January 20, 2022 because the VCC was aware that plaintiff was actively working with an architect to obtain a permit to remedy the violations.

8.

That a request was made by the VCC and the plaintiff to the hearing officer to continue the January 20, 2022 hearing date. (See Exhibit D)

9.

That the hearing officer made no formal ruling on the request for a continuance, and the plaintiff was never notified of any further hearing dates for the prosecution of the 21-03244/April 19, 2021 violations.

10.

Without providing any notice to the plaintiff, a judgment was rendered on February 10, 2022 by the hearing officer reflecting that the owner's representative failed to appear, and the proceeding was held as a no-show hearing and the plaintiff was found liable for each of the 26 violations at a maximum fine of $500 each including a violation for working without a permit and ordering plaintiff to abate the violations within 30 days of the order rendered on signed on February 11, 2022. (Exhibit E)

11.

That the adjudication was invalid on its face, as it failed to include any testimony or offer of evidence which proved that 410 Bourbon was notified of the date of the February 10, 2022 hearing as required by Municipal Ordinance 6–36 Procedure for Hearing (c)requiring notice by certified mail.

12.

That a public records request was made for the entire file relative to the Administrative Hearing 21-03244/April 17, 2021 violation date which reflect that the only notice given to plaintiff of the February 10, 2022 hearing was a notice posted on the door of the building.  (Exhibit F)

13.

That the VCC has wrongfully filed a lien against the subject property, in the amount of $13,075.00  causing the plaintiff to suffer loss of income, damage to reputation, and to incur attorney's fees, including having to bring this action.

14.

That the actions of the VCC were willful and deliberate despite numerous request to rescind the flawed Judgment, the City of New Orleans has steadfastly refused.

15.

That on June 16, 2022, the VCC opened a third case citing the plaintiff with the same violations and seeking to collect additional fines of $13,075.00. (See Exhibit G).

16.

That it was not until July 5, 2022, that the VCC issued a permit granting permission for 410 Bourbon to abate the violations in VCC cases 21-03244 and 21-01278 while plaintiff was ordered to abate the violations from case no. 20-23066 by April 19, 2021 and case no. 21 -03244 by March 18, 2022. (See Exhibit H)

17.

The actions of the VCC in seeking to collect $26,000.00 over and above the original $12,575.00 or the total sum of $38,000.00 for the identical violations and placing liens on plaintiff's property to secure the same amount to an unconstitutional taking of property without due process of law pursuant to the 5th, 8th and 14th amendments of the U.S. Constitution.

18.

That plaintiff is entitled to recover attorney's fees, punitive damages, compensatory damages and to nullify the proceedings initiated by the VCC in cases numbered 20-23066, 21-03244 and 22-01278.

WHEREFORE, plaintiff, 410 Bourbon Street, LLC, prays that the defendant

The City of New Orleans acting through the Department of Safety and Permits, Historic District Landmarks Commission and Vieux Carre Commission for Historic, Zoning and Building Violations (hereinafter "VCC") be duly cited and served with a copy of this Complaint and that after due proceedings are had that there be judgment rendered in favor of your plaintiff, 410 Bourbon Street, LLC and against the defendant The City of New Orleans acting through the Department of Safety and Permits, Historic District Landmarks Commission and Vieux Carre Commission for Historic, Zoning and Building Violations in an amount sufficient to adequately compensate plaintiff for its damages, including attorney's fee, punitive damages and compensatory damages, together with legal interest from date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

                 BRUNO & BRUNO

               __/s/ Stephen P. Bruno_____
               STEPHEN P. BRUNO, #1272
               855 BARONNE STREET
               NEW ORLEANS, LOUISIANA 70113
               (504) 525-1335
               Fax: 504-309-4792
               Email: sbruno@brunobrunolaw.com

Please serve:
The City of New Orleans, Department of Safety
And Permits, Historic District Landmarks Commission,
 Vieux Carre Commission for Historic Zoning and Building
through the City Attorney
Donesia Turner
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112